# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 18-50280
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ROBERTO GOMEZ-VAZQUEZ, also known as Jose Roberto Vasquez-Villegas, also known as Jose Roberto Vasquez-Vilegas,

Defendant-Appellant

————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:17-CR-2559-1

————

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jose Roberto Gomez-Vazquez appeals the 57-month within-guidelines sentence imposed following his guilty plea conviction for attempted illegal reentry.  He argues that his indictment did not allege that he had a prior conviction and that, therefore his sentence under 8 U.S.C. § 1326(b)(1) violates his due process rights by exceeding the two-year statutory maximum provided

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50280

by § 1326(a).  He concedes that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  However, he seeks to preserve the issue for possible Supreme Court review because, he argues, subsequent Supreme Court decisions indicate that the Court may reconsider this issue.

In *Almendarez-Torres*, 523 U.S. at 239-47, the Supreme Court held that, for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in the indictment or found by a jury beyond a reasonable doubt.  This court has held that subsequent Supreme Court decisions did not overrule *Almendarez-Torres*.  *See, e.g., United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014) (considering the effect of *Alleyne v. United States*, 570 U.S. 99 (2013)); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007) (considering the effect of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)).  Thus, Gomez-Vazquez's argument is foreclosed and summary affirmance is appropriate.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.